IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-10517
Conference Calendar

WILLIAM CHARLES TURNER

Plaintiff-Appellant

v.

JAMES D MOONEYHAM; RICHARD WATHEN; ROBERT W MATTHEWS; KENNETH L WILLINGHAM; LISA SEWARD; RICHARD D FRIEMEL; CORTEZ, Officer; ISMAEL CORTEZ

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:05-CV-4

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

William Charles Turner, Texas prisoner # 389529, moves to proceed in forma pauperis (IFP) to appeal the summary judgment dismissal of his 42 U.S.C. § 1983 complaint. In that complaint, Turner alleged that he was denied his rights to constitutionally adequate medical care and to exercise his religious beliefs when he was deprived of his religious and medically necessary diets while

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in lockdown. The district court determined that the defendants were entitled to qualified immunity. By moving for leave to proceed IFP, Turner is challenging the district court's certification that his appeal was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Turner has failed to brief any argument regarding the dismissal of his § 1983 complaint on the ground of qualified immunity. Failure to identify an error in the district court's analysis is the same as if the appellant had not appealed the judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). As Turner has not shown that the district court's determination that his appeal would be frivolous was incorrect, his request for IFP is denied, and his appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We warn Turner that the dismissal of this appeal counts as one strike under 28 U.S.C. § 1915(g) and that, if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.